# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
(Filed: December 1, 2016)
No. 15-770V

| | |
|---|---|
| * * * * * * * * * * * *<br>MICHAEL PURCELL,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>Respondent.<br>* * * * * * * * * * * * | NOT FOR PUBLICATION<br><br>Attorneys' Fees and Costs;<br>Unopposed Motion. |

*Matthew F. Belanger, Esq.,* Faraci Lange, LLP, Rochester, NY, for petitioner.
*Heather Pearlman, Esq.*, US Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

**Roth**, Special Master:

On July 23, 2015, Michael Purcell ["Mr. Purcell" or "petitioner"] filed a petition for compensation, under the National Vaccine Injury Compensation Program.[2] Petitioner alleged that he developed viral encephalitis and acute retinal necrosis as a result of receiving influenza

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

vaccinations on October 30, 2012, October 17, 2013, and October 18, 2014.  On August 31, 2016, I issued a decision awarding compensation to petitioner based on the parties' stipulation.  Decision, issued Aug. 31, 2016, ECF No. 26.

On November 29, 2016, petitioner filed an unopposed motion for attorneys' fees and costs.  Motion, ECF No. 32.[3]  Petitioner requests attorneys' fees in the amount of $42,962.50 and attorneys' costs in the amount of $6,398.04, for a total amount of $49,360.54.  *Id.* at 2.  In accordance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses.

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  § 15(e).  In general I find petitioner's request to be reasonable.  However, after reviewing the billing records submitted, I noted that Mr. Belanger billed three hours for time spent traveling to and from and attending a meeting with Dr. DiLoreto on April 30, 2015.  Generally attorneys are only awarded 50% of their hourly rate for travel time.  *Shueman ex rel Schriver v. Sec'y of Health and Human Servs.,* No. 04-693V, 2010 WL 3421956, at *2 (Fed. Cl. Aug. 11, 2010).  In his supporting documentation, Mr. Belanger did not separate the time he spent traveling to and from the meeting from the time spent speaking with Dr. DiLoreto.  My chambers inquired about travel time and was informed that Mr. Belanger would have spent 30 minutes traveling to and from his meeting with Dr. DiLoreto.  Because Mr. Belanger claims an hourly rate of $350.00, I will deduct a total of $87.50 (representing one half-hour billed at a rate of $175.00 an hour) for time spent in transit.  Petitioner's counsel will therefore receive attorneys' fees in the amount of $42,875.00 and attorneys' costs in the amount of $6,398.04, for a total of $49,273.04.

Based on the foregoing and the reasonableness of the remainder of petitioner's request and the lack of opposition from respondent, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs as set forth below.

**The undersigned awards the total of $49,273.04[4] as follows:**

> **A lump sum of $49,273.04, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner, Michael Purcell, and petitioner's counsel, Matthew Belanger.**

---

[3] My chambers confirmed with respondent's counsel that he did not object to the amount requested, though respondent's lack of objection is not construed as an admission, concession, or waiver as to the hourly rates requested, the number of hours billed, or other costs related to litigation.

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

                               **s/ Mindy Michaels Roth**
                                    Mindy Michaels Roth
                                    Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.